TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RONALD INGRAM, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>LAS VEGAS COUNTRY CLUB, a Domestic Corporation; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive,<br><br>        Defendants. | CASE NO:<br><br>**COMPLAINT FOR WRONGFUL TERMINATION**<br>**[JURY TRIAL DEMANDED]** |

COMES NOW, Plaintiff, RONALD INGRAM (hereinafter, "Plaintiff"), by and through his counsel, the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants as follows:

### PARTIES

1.      At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada, was and is an individual residing in the State of Nevada and was employed at LAS VEGAS COUNTRY CLUB (hereinafter "Defendant").

2.      Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

///

1

3.     Upon information and belief, at all times relevant hereto, Defendant is and was a domestic corporation or similar business entity organized and existing under the laws of the State of Nevada and which regularly conducted business in Nevada.

4.     Defendant regularly employs fifteen or more persons.

5.     The true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as a DOE and a ROE CORPORATION are responsible in some manner for the events and happenings referred to and caused damages proximately to the Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend its Complaint to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

### JURISDICTION AND VENUE

6.     The Defendant is now and was at all times mentioned herein an "employer" of the Plaintiff within the definition of Title I and V or the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. Section(s) 1201 et seq.; the Rehabilitation Act of 1973, and amendments thereto, and 29 U.S.C. Section 701, et seq.; and laws of the State of Nevada.

7.     The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

8. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, and Defendant resides and/or regularly conducts business and where all the wrongful conduct occurred.

**ADMINISTRATIVE PREREQUISITES**

9. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

10. Plaintiff was subjected to age and disability discrimination in the workplace and thereafter timely filed a formal charge of discrimination with the Nevada Equal Rights Commission [hereinafter NERC] and Equal Employment Opportunity Commission [hereinafter "EEOC"].

11. Plaintiff promptly and diligently accommodated all NERC and EEOC requests for information and fully cooperated in the agency's investigation of this matter; and was given a favorable determination of probable cause. Plaintiff dutifully attended conciliation meetings, but his Charge of Discrimination was not resolved.

12. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff received a Right to Sue from the EEOC on or about September 17, 2015. This action is therefore timely.

13. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

**FACTUAL ALLEGATIONS**

14. Plaintiff is a qualified individual with a disability within the meaning of the American's with Disabilities Act of 1990, and amendments thereto.

///

///

15.     Plaintiff was hired by Defendant as an Assistant Supervisor of groundskeeping. Upon information and belief and at all relevant times, Defendant employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from 2004 to the present time, and was further engaged in an industry directly affecting interstate commerce.

16.     At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Plaintiff's employment were governed and controlled by Defendants equally.

17.     Upon information and belief and at all relevant times, certain individuals were acting as supervisors, agents, servants and/or employees of Defendant.  Defendant is therefore liable for the acts and omissions of these individuals pursuant to the principals of ratification, respondeat superior and actual and/or implied agency.

18.     At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of his employment with Defendant.

19.     Plaintiff's Superintendent Kent McCutcheon, called Plaintiff "old man," "stupid," and "idiot" every day Plaintiff worked.  Assistant Superintendent Al Greenhaigh told a witness that Plaintiff could be replaced by two younger employees for less money.  Plaintiff had no way to complain of discriminatory treatment in the workplace.

20.     Plaintiff was told by former Superintendent Scott Polychronis that Defendant wanted him to maintain his union membership due to Defendant not wanting to insure him due to his disability, having diabetes.  Supervisor Rick Friedmen told a witness that Defendant did not want Plaintiff on Defendant's insurance due to how much it would cost.

21.     Plaintiff requested accommodation and leave, which was not provided to him or was initially offered only to be rescinded by Defendant without notice or opportunity for engagement in an interactive process for accommodation for his disability.

///

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### (Wrongful Termination Under the ADA)

22.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

23.     Defendants initially provided accommodation to Plaintiff, then revoked accommodation and thereafter refused to provide Plaintiff reasonable accommodation for his disability, although Plaintiff was capable of performing his duties.

24.     Defendants continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in his position because of his disability.

25.     Defendants' termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff.  Defendants terminated Plaintiff without just cause and because of his disability.

26.     Such adverse employment actions by Defendants were in violation of the ADA.

27.     Following Defendants' termination of Plaintiff, based upon information and belief, Plaintiff was replaced by a non-disabled individual.

28.     As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

29.     Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

///

5

30.     As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## SECOND CAUSE OF ACTION

### (Age Discrimination in Violation of 29 U.S.C. § 623)

31.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

32.     Defendant's conduct as detailed herein, was in fact illegal.  Plaintiff was subjected to age motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

33.     29 U.S.C. § 623 makes it unlawful for an employer to discriminate against any employee because of their age.

34.     Defendant singled Plaintiff out for termination due to his age, which was over 40 at the time of termination.

35.     Plaintiff is informed and believes that other individuals, not in his protected class, were treated better than him.

36.     As a direct and proximate result of Defendants' violation of 29 U.S.C. § 623, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial.  Therefore, he seeks all legal and equitable remedies available at law.

///

///

///

**THIRD CAUSE OF ACTION**

**(Retaliation Under the ADA)**

37.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

38.     Defendant initially provided accommodation to Plaintiff, then revoked accommodation and thereafter refused to provide Plaintiff with reasonable accommodation for his disability, although Plaintiff was capable of performing his duties.

39.     Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in his position because of his disability.

40.     Defendants' termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff.  Defendants terminated Plaintiff without just cause and because of his disability.

41.     Such adverse employment actions by Defendants were in violation of the ADA.

42.     As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

43.     Plaintiff should be awarded punitive damages as well because of Defendants' extreme and outrageous conduct.

44.     As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

**REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendants as follows:

1.   Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to a position he would have obtained in the absence of discrimination or, in the alternative, front pay;

2.   An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3.   An award to Plaintiff for general damages within this Court's jurisdiction subject to proof;

4.   An award to Plaintiff for exemplary and/or punitive damages.

5.   An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

6.   An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

7.   Such other and further relief as this Court deems just and appropriate.

Dated this 16th day of December, 2015.          **HATFIELD & ASSOCIATES, LTD.**

By:  /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703     South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
              *Attorney for Plaintiff*